IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM RAUCCI, Individually and as Assignee of CRE8 Design and Development, Inc.** | : : : : | **CIVIL ACTION** |
| v. | : : | |
| **THE CANDY & TOY FACTORY and PABLO FERNANDEZ ATELA** | : : | **NO. 15-3385** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                   **November 2, 2015**

William Raucci ("Raucci") has sued The Candy and Toy Factory ("TCTF") and Pablo Fernandez Atela ("Atela"), who manufactured and sold interactive candy products designed by him. Raucci's claims arise from an alleged oral agreement to pay Raucci royalties from the sales of those products. In his complaint, he alleges causes of action for breach of contract, violations of the Copyright Act and the Lanham Act, unjust enrichment, accounting, and conversion. He seeks damages and injunctive relief.

After removing the case from state court, the defendants have moved to dismiss the complaint. First, they argue that all causes of action are time-barred by the statutes of limitations. Second, they invoke Pennsylvania's gist of the action doctrine to bar the conversion claim. Third, they contend an unjust enrichment claim cannot coexist with a contract claim. Fourth, they argue that injunctive relief under the Copyright Act is not available because Raucci did not attach copyright registrations to his complaint. Fifth, they assert that Raucci has failed to state a cause of action under the Lanham Act because he was not a producer of the goods. Sixth, they maintain that Raucci's state law claims for conversion and unjust enrichment are preempted by the Copyright Act.

Finally, they contend Raucci has failed to plead specifically the history of the assignment of rights under the royalty agreement from CRE8 Design and Development, Inc. ("CRE8"), the company through with Raucci operates.

We shall grant the motion as to Raucci's Lanham Act claims because he is not the producer of the products TCTF manufactured. In addition, the Copyright Act preempts his unjust enrichment claim and his conversion claim, to the extent it seeks relief for conversion of royalty payments.

We shall deny the motion in all other respects. Because there is a factual dispute about when the causes of action accrued, we are unable to determine whether the statutes of limitations were tolled. As the defendants have conceded, the gist of the action doctrine does not apply at this stage because they deny the existence of a contract. Raucci adequately pleaded the assignment of rights from CRE8 to him, and he was not required to attach copyright registrations to his complaint.

## Factual and Procedural Background[1]

Raucci is an industrial engineer and creator of various "interactive candy products."[2] TCTF, a Spanish company, manufactures and distributes such products worldwide.[3] Sometime in 2003, Pablo Fernandez Atela, the owner and CEO of TCTF, solicited Raucci to design a stream of products for TCTF.[4] Atela and Raucci orally

---

[1] The facts are recited from the complaint. For purposes of considering the motion to dismiss, we accept them as true and draw all reasonable inferences from them in Raucci's favor.

[2] Compl. ¶ 2.

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 18.

agreed that TCTF would pay a three percent royalty on sales of products Raucci created.[5]

As agreed, Raucci designed numerous products for TCTF.[6] When Raucci delivered a new design to TCTF, he advised that he was asserting a copyright on it, and TCTF agreed to honor the royalty agreement.[7] Over time, Raucci designed twenty-three products under the royalty agreement and filed copyrights for each.[8]

TCTF made the agreed-upon royalty payments to Raucci until 2007.[9] Once the payments stopped in 2007, Raucci believed that TCTF had ceased selling his products.[10] Then, in 2014, while attending a trade show in Germany, Raucci learned that TCTF was still marketing products Raucci had designed.[11] TCTF continues to market, distribute and sell more than sixteen of the products designed by Raucci—including one known as "Chick N' Chat," of which TCTF has sold over ten million units.[12]

Raucci, individually and as assignee of CRE8, filed his complaint in the Philadelphia Court of Common Pleas on May 13, 2015. The defendants timely removed the action.

---

[5] *Id.* ¶¶ 20, 43.

[6] *Id.* ¶ 22.

[7] *Id.* ¶ 24.

[8] *Id.* ¶¶ 25-26.

[9] *Id.* ¶¶ 23-34.

[10] *Id.* ¶ 35.

[11] *Id.* ¶ 37.

[12] *Id.* ¶¶ 28-29.

**Standard of Review**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

A complaint is subject to dismissal if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557). With these standards in mind, we shall accept as true the facts as they appear in Raucci's complaint and draw all possible inferences from those facts in his favor.

**Statutes of Limitations**

The statute of limitations for a state law cause of action is governed by the applicable state limitations period. *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006). For federal causes of action, the federal statute provides the statute of limitations. *See, e.g.*, *Kingvision Pay-Per-View Corp. v. 898 Belmont, Inc.*, 366 F.3d 217, 220 (3d Cir. 2004). When the federal statute is silent on the limitation period, the analogous state statute generally supplies it. *Id.*

Typically, the statute of limitations starts running on the date of the injury or the conduct causing the injury. *Morgan v. Petroleum Prods. Equip. Co.*, 92 A.3d 823, 828 (Pa. Super. 2014) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)). When applying a state limitations period, we use state tolling principles. *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011); *Moyer v. United Dominion Indus., Inc.*, 473 F.3d 532, 547 (3d Cir. 2007).

The discovery rule tolls the running of the statute of limitations during the time that the plaintiff did not know or could not have known that he had been injured and the defendant caused the injury. *Morgan*, 92 A.3d at 828. It is no excuse that the plaintiff simply did not know of the injury. The plaintiff has an obligation to exercise reasonable diligence to inform himself of the facts and circumstances giving rise to his cause of action and to initiate suit within the limitations period. *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000) (citing *Hayward v. Med. Ctr. of Beaver Cnty.*, 608 A.2d 1040, 1042 (Pa. 1992)). The application of the discovery rule is a question of fact. *Id.* (quoting *White v. Owens-Corning Fiberglas Corp.*, 668 A.2d 136, 144 (Pa. Super. 1995)). "[O]nly where the facts are so clear that reasonable minds *cannot differ* may the

commencement of the limitations period be determined as a matter of law." *Id.* (citing *Hayward*, 608 A.2d at 1043). Thus, when Raucci discovered or should have discovered that the defendants breached the contract is for the jury to decide.

A federal claim accrues "when a plaintiff has a complete and present cause of action." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) (quoting *Bay Area Laundry & Dry Cleaning Precision Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The statute of limitations may be equitably tolled where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (citing *Sch. Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 19-20 (3d Cir. 1981)). Equitable tolling is available in all types of cases, including contract, copyright and conversion. *Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 (3d Cir. 2013) (contract); *William A. Graham Co. v. Haughey*, 568 F.3d 425, 436 (3d Cir. 2009) (copyright); *St. John's University, N.Y. v. Bolton*, 757 F. Supp. 2d 144, 187 (E.D.N.Y. 2010) (contract, conversion, and unjust enrichment). Like the discovery rule, equitable tolling requires the plaintiff to exercise reasonable diligence to discover the injury. *Oshiver*, 38 F.3d at 1390. Whether the defendant concealed or withheld information, or provided false information creates an issue of fact that cannot be resolved at the motion to dismiss stage.

Here, Raucci's federal and state causes of action are not time-barred if the discovery rule or equitable tolling applies. Raucci alleges that he did not discover that the defendants were continuing to market, distribute and/or manufacture products he

designed until 2014.[13]  In addition, he alleges that the defendants "lulled" him "into believing that no further royalties were owed and that defendants had ceased selling products designed by [Raucci]."[14]

The applicable federal limitations periods are three years for injunctive relief under the Copyright Act and six years for violations of the Lanham Act.  *See* 17 U.S.C. § 507(b) (Copyright Act); *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 135 (3d Cir. 2005) (Lanham Act).  The Pennsylvania limitations period for breach of an oral contract and unjust enrichment is four years, two years for conversion and six years for accounting.  *See* 42 Pa. Cons. Stat. Ann. § 5524(3) (conversion); 42 Pa. Cons. Stat. Ann. § 5525(a)(3)-(4) (breach of oral contract and unjust enrichment); 42 Pa. Cons. Stat. Ann. § 5527 (accounting).

Raucci filed this action on May 13, 2015.  If he did not learn until 2014 that he was entitled to royalties because the defendants had misled him into believing that they had not sold products he had designed since 2007, he instituted this action within two years of the accrual of his causes of action.  It is for the jury to determine when he learned or should have learned that the defendants owed him royalties.

### *Contract Claim: Periodic-Payment Rule*

The four-year statute of limitations applicable to claims for failure to make payments due under a contract does not start to run until the payment is due.  Where a contract calls for periodic or installment payments, each failure to make payments when due constitutes a separate and distinct cause of action.  *Total Control, Inc. v. Danaher*

---

[13] Compl. ¶ 37.

[14] *Id.* ¶¶ 35-36.

*Corp.*, 359 F. Supp. 2d 387, 391 (E.D. Pa. 2005).  Consequently, a separate cause of action accrues each time the defendant fails to make timely payment.

Defendants contend that the royalty payments are not periodic payments.  Although the defendants are correct that Raucci does not specifically claim that the royalties were to be paid periodically, it is apparent from a fair reading of the complaint that they were.  Payments were not due until the products had been sold.  Each time a product was sold, a royalty became due.  When the royalty was not paid when due, a cause of action accrued.

Raucci asserts that the royalties were to be "calculated on the sales price of *each* unit/item."[15]  In addition, he alleges, "[i]n *each* instance where Plaintiff would deliver a new design . . . he advised that he was asserting a copyright . . . and Defendants agreed to honor the 3% royalty contract."[16]  The complaint alleges that the defendants made the royalty payments over the course of years until May 2007.  This allegation gives rise to the inference that these were periodic payments.  Thus, even if the jury determines Raucci should have known in 2007 that the defendants were not paying royalties that were owed, the four-year statute of limitations does not bar his claims for the failure to pay royalties after May 13, 2011.

*Copyright Claim: Separate-Accrual Rule*

A cause of action for a copyright violation must be brought within three years of the violation.  17 U.S.C. § 507(b).  The separate-accrual rule provides that in the case of successive violations of the Copyright Act, the limitations period runs separately from

---

[15] Compl. ¶ 21 (emphasis added).

[16] *Id.* ¶ 24 (emphasis added).

the date of each violation. *Petrella*, 134 S. Ct. at 1969. In other words, a separate copyright claim accrues upon the occurrence of each infringing act. *Id.* Accordingly, where the infringing acts occurred before and after the three-year limitation period, only those discrete acts occurring within three years of the filing of suit are timely. *Id.* at 1970.

Here, Raucci alleges continuing copyright violations since 2007. Because each failure to pay royalties when due starts a new limitations period, Raucci's claims for copyright violations occurring after May 13, 2012 are not time-barred. With respect to violations before May 13, 2012, the discovery rule and equitable tolling may apply. Because there is a factual dispute whether the limitations period was tolled, we also shall not dismiss Raucci's claims relating to violations before May 13, 2012 as time-barred.

### Gist of the Action Doctrine

Pennsylvania's gist of the action doctrine prevents a plaintiff from recasting a breach of contract claim as a tort claim. *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. 2009); *see also Jones v. ABN Amro Mortg. Gp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010). When the parties' obligations are defined by the terms of the contract and not by duties imposed by social policies, a plaintiff may only assert a contract claim. *Erie Ins. Exch.*, 972 A.2d at 1239 (citing *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 14 (Pa. Super. 2002)). Thus, in order to state a tort claim where there is a contract, the wrong complained of must be the gist of the action with the contract only incidental. *Sunburst Paper, LLC v. Keating Fibre Int'l, Inc.*, No. 06-3959, 2006 WL 3097771, at *2 (E.D. Pa. Oct. 30, 2006).

The defendants deny the existence of a contract. Yet, at the same time, they argue that Raucci cannot assert a tort claim for conversion without violating the gist of the action doctrine. Indeed, if there is a contract, the conversion claim will be barred. On the other hand, if there is no contract, the tort claim of conversion will survive. At this point, without engaging in any fact finding, we cannot determine whether there was a contract that triggers the gist of the action doctrine.[17]

Raucci also alleges that the defendants have refused to return his drawings, designs and prototypes.[18] Raucci does not allege that this property was subject to the oral agreement. Thus, the gist of the action doctrine cannot bar a conversion claim with respect to his personal property.

## Unjust Enrichment

The defendants correctly assert that a cause of action for unjust enrichment cannot succeed where the transaction at issue is governed by an express contract. *See, e.g., Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh,* 776 F.2d 1174, 1177 (3d Cir. 1985). At the end of the day, the breach of contract and the unjust enrichment counts cannot coexist. However, at this stage, Raucci can assert inconsistent theories of recovery. Fed. R. Civ. P. 8(d)(3). *See Cornell Cos. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 265 (E.D. Pa. 2007). Therefore, if the unjust enrichment claim were not preempted by the Copyright Act,[19] we would not dismiss it.

---

[17] The defendants conceded this point at oral argument.

[18] Compl. ¶¶ 82-84.

[19] *See* discussion *infra* at 14-15.

**Copyright Registration**

As a threshold matter, Raucci must demonstrate that he owns a valid copyright to the designs and prototypes. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted). Section 411 of the Copyright Act requires that a plaintiff must have a registered copyright before filing an infringement claim based upon that copyright. *Zaslow v. Coleman*, No. 15-1272, 2015 WL 2069192, at *3-4 (E.D. Pa. May 5, 2015) (citing 17 U.S.C. § 411; *Patrick Collins, Inc. v. Does 1-26*, 843 F. Supp. 2d 565, 569 (E.D. Pa. 2011)).

Registration is an element of a copyright infringement action. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010); *Zaslow*, 2015 WL 2069192, at *3. The registration requirement is not jurisdictional. *Reed Elsevier*, 559 U.S. at 169. There is no requirement in § 411 that the registration be attached to the complaint. The plaintiff need only allege registration in his complaint.

In response to the defendants' motion, Raucci has provided certificates of registration for several of the designs listed in Paragraph 28 of the complaint.[20] He has not submitted registration certificates for "Candycraft Penn & Pen sets," "Baby Dino Safar Pop," "Monster Pop," "Finger," and "Pop N' Ball."

There is no question that Raucci has registered copyrights for most of the designs at issue. Even if he had not produced the registrations, we could take judicial notice of them. In deciding a Rule 12(b)(6) motion, we may consider not only documents that are attached to the complaint but also matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Copyright registration

---

[20] Mem. in Opp. to Mot. to Dismiss at 19 & Ex. "B."

certificates are public records that may be properly considered on a motion to dismiss. *See Brown v. S. Fla. Fishing Extreme, Inc.*, No. 08-20678, 2008 WL 2597938, at *1 (S.D. Fla. June 27, 2008). As to those designs for which Raucci has not produced copyright registrations, we decline to dismiss the claims related to them at this time. If he fails to prove registration before or at trial, those claims will be dismissed.[21]

## Lanham Act

Challenging Raucci's "reverse passing off" claim brought under § 43(a) of the Lanham Act, the defendants argue that Raucci has not adequately pleaded that he is the producer of the goods in question. They also move to dismiss his false advertising claim, contending that it relates only to defendants' designation of the origin of the goods in question. They are correct.

### *Reverse Passing Off*

Section 43(a) of the Lanham Act prohibits "any false designations of origin" of goods or services that likely cause confusion or mistake or deceive as to the origin of the goods or services. 15 U.S.C. § 1125(a)(1). The prohibition covers "passing off" and "reverse passing off." "'Passing off' occurs when a producer misrepresents his own goods or services as someone else's." *Sweet St. Desserts, Inc. v. Better Bakery, LLC*, No. 12-6115, 2013 WL 81385, at *3 (E.D. Pa. Jan. 7, 2013) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 n.1 (2003)). "Reverse passing off" occurs when the producer of goods misrepresents someone else's product as its own product. *Id.*

---

[21] At oral argument, defense counsel agreed that registration need not be established before summary judgment.

Section 43 protects only the producer or manufacturer of the goods, not the designer or the creator of the idea. The Supreme Court has held that the "origin" of goods in § 43 means "the producer of the tangible product sold in the marketplace." *Dastar*, 539 U.S. at 31. "Producer" refers to the manufacturer of the goods that reach the marketplace, not to the author of a concept or the creator of a prototype. *Sweet St.*, 2013 WL 81385, at *4.

Here, Raucci alleges that he is the designer of the products and the creator of the relevant prototypes. He does not allege that he manufactured the products. To the contrary, he alleges that the defendants did.[22] Thus, because TCTF was the manufacturer of the products it sold, Raucci has failed to state a claim for "reverse passing off."

*False Advertising*

To establish a claim for false advertising under the Lanham Act, a plaintiff must demonstrate that

> (1) the defendant made false or misleading statements as to its own product, or another's; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and 5) there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Sweet St.*, 2013 WL 81385, at *4 (quoting *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011)).

The *Dastar* reasoning also applies to false advertisement claims. Accordingly, for the same reasons that a "reverse passing off" claim is not actionable, claims for false

---

[22] Compl. ¶¶ 2, 37, 77.

advertising related to a product's origin may not be brought by the designer of the product. *ZS Assocs., Inc. v. Synygy, Inc.*, No. 10-4274, 2011 WL 2038513, at *9 (E.D. Pa. May 23, 2011); *see also Sweet St.*, 2013 WL 81385, at *4 (citing *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1307 (Fed. Cir. 2009)).

As does his "reverse passing off" claim, Raucci's false advertising claim rests on his misunderstanding that the term "origin" in § 43 includes the creator and designer of the goods. He alleges that the defendants "falsely advertis[ed] that they have designed the interactive candy products that Mr. Raucci actually designed" and that "Defendants have and currently are promoting, selling, marketing and advertising the candy products at issue without properly designating its [*sic*] origin."[23] In addition, Raucci alleges that "Defendants are advertising, marketing and promoting the products as their own, which is false."[24] These claims, as alleged, relate to the design of the products, not the production. Because they do not relate to the "producer," that is, the manufacturer, as meant in § 43, Raucci has failed to state a claim for false advertising.[25]

## Copyright Act Preemption

The Copyright Act preempts state law claims if "(1) the subject matter of the state law claim falls within the subject matter of the copyright laws and (2) the asserted state law right is equivalent to the exclusive right that federal law protects." *Curtin v. Star Editorial, Inc.*, 2 F. Supp. 2d 670, 674 (E.D. Pa. 1998) (quoting *Sullivan Assocs., Inc. v.*

---

[23] Compl. ¶ 76-77.

[24] *Id.* ¶ 78.

[25] Raucci's reliance on *Gensler v. Strabala*, 764 F.3d 735 (7th Cir. 2014), is misplaced. There, the Seventh Circuit was presented with a "reverse passing off" claim, not a false advertising claim. It held that *Dastar* did not foreclose a Lanham Act claim concerning services rather than goods. *Gensler*, 764 F.3d at 736. Clearly, Raucci's claim is based on his being a producer of the products, which we have determined he is not for purposes of the Lanham Act.

*Dellots, Inc.*, No. 97-5457, 1997 WL 778976, at *2 (E.D. Pa. Dec. 17, 1997)); *see* 17 U.S.C. § 301(a). Preemption does not apply if the state law cause of action "requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display," rendering it "qualitatively different" from the copyright claim. *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217 (3d Cir. 2002).

An unjust enrichment claim asserting that the defendant exploited the plaintiff's intellectual property without paying for it is nothing more than a copyright infringement claim. There is no "extra element." *Synygy, Inc. v. ZS Assocs., Inc.*, No. 07-3536, 2015 WL 899408, at *40 (E.D. Pa. Mar. 3, 2015).

Raucci alleges that he "conferred upon Defendants the benefit of his creative work" and that "Defendants accepted and received said benefits without providing due compensation" to Raucci.[26] He also alleges that "Defendants retain and possess [his] creative works, some of which are not being marketed yet, without due compensation . . . ."[27] These allegations mimic the elements of a copyright claim and nothing more. They are not "qualitatively different" from Raucci's copyright claim, which alleges that "Defendants' rights to sell the products at issue was [*sic*] conditioned upon Defendants paying the agreed royalty."[28] Thus, the Copyright Act preempts Raucci's claim for unjust enrichment.

The conversion cause of action, on the other hand, is not preempted. A claim for conversion is preempted only to the extent it arises "from copying and misuse" of

---

[26] Compl. ¶¶ 57-58.

[27] *Id.* ¶ 60.

[28] *Id.* ¶ 49.

copyrighted work. It is not preempted where it relates to "'tangible, physical property, the rights to which are distinctly different from those rights involved in' [a] copyright claim." *Synygy*, 2015 WL 899408, at *40. In other words, a state law cause of action for conversion is not preempted where the defendant unlawfully retained the physical property embodying the plaintiff's work. *Sullivan Assocs.*, 1997 WL 778976, at *5.

Raucci claims that "Defendants currently possess Plaintiff's intellectual property, including multiple drawings, designs and prototypes of the interactive candy products" and that they "have intentionally failed to return [them] and have unlawfully retained them and are converting them to their use without compensating Plaintiff."[29] In addition, Raucci alleges that the defendants are converting the royalty payments due under the alleged oral contract.[30] With respect to the latter, Raucci's claim is preempted because it deals with Raucci's right to compensation for his creative work, which is subsumed in his copyright claim. However, Raucci's claim regarding the conversion of "drawings, designs and prototypes" is not preempted because they are tangible items that "embody" the copyrighted works. Therefore, the Copyright Act does not preempt Raucci's conversion claim relating to "drawings, designs and prototypes," but it does preempt his conversion claim with respect to royalties.

### Failure to Plead History of Assignment

Defendants argue that all of Raucci's claims are barred due to Raucci's failure to plead the history of the assignment of rights from CRE8 to Raucci. This argument is unavailing for two reasons. First, as the complaint makes clear, the oral agreement for

---

[29] Compl. ¶¶ 82-83.

[30] *Id.* ¶ 85.

royalties was among Raucci and the defendants, not among CRE8 and the defendants.[31] Second, to the extent Raucci's claims are based on rights assigned to him by CRE8, the complaint adequately alleges the assignment.

An assignee who brings suit against a defendant as a "stranger" to the contract between the assignor and the defendant must allege the existence of the assignment in the pleadings and "prove the fact of the assignment during the course of trial." *McGuire Performance Solutions, Inc. v. Massengill*, 904 A.2d 971, 975-76 (Pa. Super. 2006) (citing *Brown v. Esposito*, 42 A.2d 93, 94 (Pa. Super. 1945)). Raucci has alleged an assignment from CRE8 to himself. Whether he can prove it at trial is yet to be determined.

## Conclusion

We shall grant in part and deny in part the motion to dismiss. We shall dismiss Raucci's claims: (1) under the Lanham Act; (2) for unjust enrichment; and (3) for conversion to the extent it seeks relief for alleged conversion of royalty payments. In all other respects, the motion will be denied.

---

[31] *Id.* ¶ 20.

royalties was among Raucci and the defendants, not among CRE8 and the defendants.[31] Second, to the extent Raucci's claims are based on rights assigned to him by CRE8, the complaint adequately alleges the assignment.

An assignee who brings suit against a defendant as a "stranger" to the contract between the assignor and the defendant must allege the existence of the assignment in the pleadings and "prove the fact of the assignment during the course of trial." *McGuire Performance Solutions, Inc. v. Massengill*, 904 A.2d 971, 975-76 (Pa. Super. 2006) (citing *Brown v. Esposito*, 42 A.2d 93, 94 (Pa. Super. 1945)). Raucci has alleged an assignment from CRE8 to himself. Whether he can prove it at trial is yet to be determined.

## Conclusion

We shall grant in part and deny in part the motion to dismiss. We shall dismiss Raucci's claims: (1) under the Lanham Act; (2) for unjust enrichment; and (3) for conversion to the extent it seeks relief for alleged conversion of royalty payments. In all other respects, the motion will be denied.

---

[31] *Id.* ¶ 20.